UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KATHY SHERROD ET AL. | CIVIL ACTION |
| VERSUS | NO. 25-1248 |
| NEXION HEALTH AT MARRERO, INC., ET AL. | SECTION “L” (3) |

**ORDER AND REASONS**

Before the Court is Plaintiff's Motion for Contempt and Sanctions (R. Doc. 69), against Nexion Health at Marrero, Inc. d/b/a Marrero Healthcare Center (“Defendant”). Defendant filed a response in opposition (R. Doc. 74). For the reasons below, the motion is **GRANTED IN PART AND DENIED IN PART**.

## I. Background

Plaintiff's late husband resided at Defendant's healthcare facility from August 2023 to December 2023.[1] As summarized by the District Court, Plaintiff alleges the following:

> Mr. Sherrod required extensive assistance with physical activities such as bed mobility, toilet use, and bathing. At the time of his admission to the facility, Defendants were aware he suffered from certain conditions that placed him at a greater risk of developing pressure injuries and infections, and notably, he had an existing pressure injury at his time of arrival. *Id.*
>
> Sherrod avers that her husband suffered harm as a proximate result of Defendants' facility being wholly under-resourced. As a result of its lack of adequate staffing and funding, Mr. Sherrod's existing pressure injury worsened and he developed many new pressure injuries, including an injury to his heel that ultimately led to a below-the-knee amputation. The facility discharged Mr.

[1] R. Doc. 1, ¶ 2.

> Sherrod into hospice after he spent four months in their care, and he passed away a few weeks later. Sherrod now brings claims against Defendants, alleging that the harm and neglect they inflicted upon her husband substantially contributed to his hastened demise and wrongful death.
>
> Sherrod brought claims against Defendants for fraud. She asserts that Defendants concealed the truth and misrepresented the adequacy of their staff, all to induce Plaintiff and her husband into enrolling her husband as a resident. She specifically claims that Defendants did not maintain an adequate number of nursing staff despite being required to do so. Defendants should have staffed their facility based not only on the number of residents, but also on the individual needs of the residents, in accordance with applicable laws and regulations. By not doing so, the facility violated these federal and state laws that require nursing home facilities to provide sufficient staffing.
>
> Defendants removed this matter to this Court on the basis of diversity jurisdiction.[2]

Only Plaintiff's contractual fraud claims remain.

On March 10, 2026, and April 14, 2026, Plaintiff moved to compel supplemental responses pursuant to requests for production (RFPs) in accordance with Fed. R. Civ. P. 37.[3] Following oral argument on April 28, 2026, the Court granted in part and denied in part the motion.[4] As narrowed by the Court, Defendant was required to respond to the following discovery requests (which have been summarized):

> RFP No. 11: Copies of any complaints that relate to the provision of nursing care or the issue of staffing or understaffing.

[2] R. Doc. 15 (internal citations omitted).
[3] R. Doc. 28; R. Doc. 39. A separate motion to compel addressed interrogatory responses. That motion is not at issue.
[4] R. Doc. 48; R. Doc. 51.

> RFP No. 15: Copies of emails between defendants' personnel as to a series of enumerated topics, such as staffing and census levels.

The Court ordered the parties to meet and confer as to appropriate search terms to use in locating responsive documents.

The parties agreed on a set of search terms to use for RFP Nos. 11 and 15.[5] Defendant ran the agreed-upon searches and supplemented its production with several thousand pages in response to the Court's ruling, but Plaintiff maintains that supplementation was inadequate and noncompliant.

## II. Analysis

Plaintiff requests that (1) Defendant be held in contempt under Rule 37(b)(2)(A) and, (2) Defendant be sanctioned under Rule 37(b)(2)(C).[6]

### A. Contempt

"The prevailing view is that a magistrate judge lacks the power to adjudicate contempt proceedings; pursuant to 28 U.S.C. § 636(e), a magistrate may only certify to the district court (or deny certification of) facts possibly constituting contempt." *Castaneda v. Falcon*, 166 F.3d 79, 801 (5th Cir. 1999) (citations omitted). If a magistrate judge certifies facts that support a finding of civil contempt, "[t]he district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge." 28 U.S.C. § 636(e)(6)(B)(iii).

---

[5] R. Doc. 74 at 2.
[6] R. Doc. 69.

Plaintiff's motion does not appear to contemplate this two-step process. Moreover, substantially similar relief is more readily available under Rule 37(b). Thus, Plaintiff's request that Defendant be held in contempt is denied.

**B. Rule 37(b)(2)**

Plaintiff also relief under Rule 37(b)(2) of the Federal Rules of Civil Procedure. That rule authorizes courts to respond to noncompliance with their orders by doing one or more of the following:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.[12]

In addition, courts may assess reasonable expenses, including attorney's fees, against the disobedient party unless the noncompliance was substantially justified or other circumstances would render such an award unjust. Rule 37(b)(2)(C). "Substantially justified" does not mean "justified to a high degree," but rather "justified in substance." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (quotations and citations

omitted). The test is satisfied if there is a "genuine dispute" and the noncomplying party's position has a "reasonable basis both in law and fact." *Id.* (quotations and citations omitted). Courts have a duty to impose the least severe sanction that is sufficient to deter future conduct. *Scaife v. Associated Air Ctr. Inc.*, 100 F.3d 406, 411 (5th Cir. 1996).

A trial court "has broad discretion under Rule 37(b) to fashion remedies suited to the misconduct." *Pressey v. Patterson*, 898 F.2d 1018, 1021 (5th Cir. 1990). The Fifth Circuit usually requires a finding of bad faith or willful misconduct to support the severest remedies under Rule 37(b), such as dismissal of suit. *Id.* Awarding attorney's fees and costs is a lesser sanction and does not require such a finding. *Chilcutt v. United States*, 4 F.3d 1313, 1322–23 (5th Cir. 1993). Instead, the Fifth Circuit requires the district court to determine that the sanctions are "just" and "related to the particular claim which was at issue in the order to provide discovery." *L. Funder, L.L.C. v. Munoz*, 924 F.3d 753, 758 (5th Cir. 2019), *as revised* (June 6, 2019) (internal citations and quotations omitted).

**1. RFP No. 11**

Plaintiff contends that Defendant intentionally withheld documents responsive to RFP No. 11. After the hearing, Defendant supplemented its response to RFP No. 11.[7] In addition, the parties agreed to a series of search terms that Defendant would utilize for RFP Nos. 11 and 15.[8] These search terms did not yield

---

[7] R. Doc. 74 at 2.
[8] R. Doc. 74.

any additional documents responsive to RFP No. 11.[9] Plaintiff's counsel, however, is in possession of certain emails (by virtue of counsel's participation in another case) that are arguably responsive to RFP No. 11. Thus, Plaintiff maintains, Defendant failed to comply with the Court's order.

The record is insufficient to determine whether Defendant was aware of emails responsive to RFP Nos. 11 and 12 all along but nonetheless withheld them.[10] The fact that counsel for both sides may have some awareness of the existence of the emails (from their use in another case involving the same attorneys) undermines a suggestion that Defendant intended to conceal the emails' existence. In any event, Defendant acknowledges that, since the filing of the motion, it has located fourteen emails responsive to RFP No. 11.[11] Presumably Defendant has produced those fourteen emails or listed them in a privilege log. If not, all responsive emails must be produced immediately, accompanied by a privilege log to the extent any emails are withheld.

**2. RFP No. 15**

Plaintiff contends that Defendant improperly relied on its HIPAA objection in withholding certain documents and listing them on a privilege log. Defendant

---

[9] *Id.*

[10] *See* R. Doc. 74 at 3 (Defendant observed, after the motion was filed, that "Defendant believes that it has located the [emails] at issue"); R. Doc. 69-1 at 7 (stating that the emails had been produced in a separate case in which the same sets of plaintiff and defense counsel were involved); Joint Status Report (on file) ("Defendant made a good faith search for the items at issue and either did not locate them or objected to producing the emails because they were protected from disclosure by HIPPA.").

[11] R. Doc. 74 at 3.

maintains that it produced responsive documents and a privilege log relative to any withheld documents.[12] Defendant is correct that the Court did not require Defendant to produce privileged documents. Defendant is also correct that a motion for contempt or sanctions is not an appropriate vehicle to challenge the applicability of a privilege claimed on a detailed log.

Defendant is incorrect, however, in suggesting that it retained the right to raise objections to relevance or confidentiality even after the Court's prior ruling.[13] The Court ordered Defendant to produce documents responsive to RFP Nos. 11 and 15 at set forth above. In doing so, the Court overruled Defendant's objection that, e.g., certain documents were not relevant. Similarly, and contrary to Defendant's suggestion, nowhere did the Court authorize Defendant to withhold documents on the basis that they were confidential or subject to HIPPA.[14] While the Court's ruling narrowed the scope of RFP Nos. 11 and 15, the ruling did not excuse the production of any information subject to Defendant's HIPAA objection.[15] Accordingly, Defendant's supplemental production should have included all non-privileged documents, whether subject to HIPAA or otherwise confidential.[16]

## III. Conclusion

Defendant's compliance with the Court's order has been substantial in most but not all respects. The most problematic aspect is Defendant's erroneous conclusion

---

[12] R. Doc. 74 at 4.
[13] R. Doc. 74 at 7.
[14] R. Doc. 74 at 7.
[15] R. Doc. 51; R. Doc 69.
[16] *Id.*

that it could withhold documents based on relevance or confidentiality (rather than privilege) even after being ordered to produce responsive documents. On the other hand, Plaintiff's efforts at enforcement of the discovery order have unnecessarily generated inefficiencies in the litigation. For example, the Court agreed to host a discovery status conference to address the instant dispute. In preparing the parties' joint status report, however, Plaintiff provided Defendant with a draft joint report for Defendant to insert its own section, but then later added substantial legal argument and citation to Plaintiff's section without advising Defendant of that intent. Put differently, the "joint" report submitted to the Court contained considerable argument and legal authority cited by Plaintiff but never previewed to Defendant prior to submission. This resulted in the Court preparing for a status conference based on a one-sided presentation of significant issues, then ultimately having to proceed through formal motions practice. Moreover, Defendant produced thousands of pages of additional documents in response to the Court's order, and the withheld documents are a relatively minor component of the responsive materials.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Contempt and Sanctions (R. Doc. 69) is **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED** that Defendant produce all emails responsive to RFP Nos. 11 and 15 of which it is aware (regardless of whether they fall under the parties' agreed-upon search terms and regardless of whether Defendant has invoked confidentiality or HIPPA).

**IT IS FURTHER ORDERED** that Plaintiff is entitled to recover $500 in attorney's fees from Defendant under Rule 37 relative to Defendant's withholding of responsive non-privileged documents. This amount reflects Defendant's significant compliance with the Court's discovery order and the limited success of Plaintiff's motion.

**IT IS FURTHER ORDERED** that any challenge to the sufficiency of Defendant's privilege log (other than the HIPPA and confidentiality issues addressed herein, which are not matters of privilege) must be raised via separate motion and then only after engaging in a Rule 37 conference.

New Orleans, Louisiana, this 21st day of August, 2026.

EVA J. DOSSIER
UNITED STATES MAGISTRATE JUDGE