UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KATHY SHERROD ET AL. | CIVIL ACTION |
| VERSUS | NO. 25-1248 |
| NEXION HEALTH AT MARRERO, INC., ET AL. | SECTION "L" (3) |

# ORDER AND REASONS

Before the Court is Plaintiff, Kathy Sherrod's, Motion to Compel Nexion Health Management, Inc.'s Complete Responses to Plaintiff's Request for Production of Documents (R. Doc. 78). Sherrod filed her motion on August 17, 2026, and sought expedited consideration in the light of the August 31, 2026 discovery deadline. The Court granted the request for expedited consideration. For the following reasons, the Motion to Compel (R. Doc. 78) is **DENIED**.

Sherrod sought expedited consideration because, she stated, she only recently received certain discovery responses from Nexion Health Management, Inc. ("Nexion") and because the existence of certain documents and their relevance were only "first revealed" during Nexion's Rule 30(b)(6) deposition on August 6, 2026.[1] After an extensive review of the record, the Court concludes that Sherrod's explanation for the delay is unpersuasive such that there is no reason to reach the merits of her untimely motion.

[1] R. Doc. 81 at 1.

In November 2025, Sherrod propounded requests for production on Nexion.[2] The requests focused on staffing and regulatory compliance, including a particular emphasis on communications between co-defendants Nexion and Marrero Healthcare Center ("Marrero Healthcare"). The November 2025 RFPs requested, in relevant part: documents and communications exchanged between the co-defendants relating to: (1) staffing and/or staffing levels at Marrero Healthcare; (2) census levels at Marrero Healthcare; (3) budget and operating expenses for nursing staff at Marrero Healthcare; (4) Marrero Healthcare's regulatory compliance and communication with the Louisiana Department of Health; and (5) resident and staff complaints.[3] Nexion responded to those requests on December 19, 2025. Sherrod did not file a motion to compel or otherwise seek judicial intervention relative to any alleged deficiencies in Nexion's December 2025 responses.

On January 29, 2026, Sherrod served RFPs on Marrero Healthcare. Marrero Healthcare responded on March 2, 2026. Sherrod filed a motion to compel challenging the adequacy of Marrero Healthcare's responses on April 14, 2026. The requests sought primarily the same communications that Sherrod had requested from Nexion. Specifically, the January 2026 RFPs sought from Marrero Healthcare documents and communications exchanged between the co-defendants relating to: (1) staffing levels at Marrero Healthcare; (2) census levels at Marrero Healthcare; (3) Marrero Healthcare's budget; (4) regulatory compliance; and (5) complaints about staffing or

[2] R. Doc. 78-2 at 3; R. Doc. 81 at 1.
[3] R. Doc. 78-3 at 5-12 (Nexion's December 2025 objections and responses).

nursing.[4] After extensive briefing and oral argument, the Court granted in part and denied in part Sherrod's motion on April 28, 2026.[5] Consistent with the Court's ruling, Marrero Healthcare and Sherrod worked together to reach an agreed list of search terms for communications between the co-defendants.[6]

Although the parties agreed on search terms, Sherrod was dissatisfied with Marrero Healthcare's resulting document production. Sherrod then filed the instant motion to compel relative to Nexion's discovery responses. The requests at issue seek many of the same communications that were the subject of the (partially successful) prior motion to compel against Marrero Health Center. The August 31, 2026 discovery cutoff required Sherrod to seek expedited consideration of her motion to compel.

"It is axiomatic that to complete discovery means that all disputes relative to discovery must be filed and resolved prior to the discovery deadline." *See Parkcrest Builders, LLC v. Hous. Auth. of New Orleans*, No. CV 15-1533, 2017 WL 4156499, at *2 (E.D. La. Sept. 19, 2017) (quotation and ellipsis omitted). Given that Sherrod's motion is facially untimely, the onus is on Sherrod to explain the delay. Sherrod provided two justifications for the late timing of her motion: (1) while Nexion had answered Sherrod's first set of RFPs in December 2025, Nexion only recently answered a "separate" set of RFPs propounded in connection with its August 4, 2026

[4] *See* R. Doc. 39-3 (summarizing R. Doc. 39-4).
[5] R. Doc. 28; R. Doc 39; *see also* R. Doc. 48 (minute entry from oral argument).
[6] R. Doc. 74 at 2.

Rule 30(b)(6) deposition; and (2) that deposition "first revealed" the deficiencies in Nexion's responses. Neither justification is persuasive.

The new RFPs and responses are nearly identical to those from last year. In other words, the "separate" written discovery requests for which Sherrod only recently received Nexion's responses are the same discovery requests to which Nexion responded in December 2025.[7] Sherrod reorganized, renumbered, and occasionally paraphrased slightly, but the requests for production underlying Sherrod's motion are not new.[8] Thus, the recent responses have not generated any new dispute.

The Rule 30(b)(6) deposition, moreover, did not provide any material new information[9] as to the relevance of the requests. Indeed, the prior ruling as to Marrero Healthcare already addressed similar arguments. Although Sherrod now quotes Nexion's Rule 30(b)(6) testimony as "confirming the relevance" and the existence of

---

[7] The new requests seek, in relevant part: documents and communications exchanged between the co-defendants relating to: (1) staffing and/or staffing levels at Marrero Healthcare; (2) census levels at Marrero Healthcare; (3) budget and operating expenses for nursing staff at Marrero Healthcare; (4) Marrero Healthcare's regulatory compliance and communication with the Louisiana Department of Health; and (5) resident and staff complaints. R. Doc. 78-2 at 11-20 (summarizing and citing R. Doc. 78-5 (Nexion's July 2026 responses)).

[8] *Compare* R. Doc. 78-3 at 6, Response to RFP No. 6 (November 2025 requests) (responding to an RFP that requests: "All documents which were provided to you by the facility and/or authored by you to the facility relating to the census levels in the facility during the residency of Sheldon Sherrod at the facility"); R. Doc. 78-5 at 5, Response to RFP No. 4 (June 2026 requests) (responding to an RFP that requests: "All documents which were provided to you by the facility and/or authored by you to the facility relating to the census levels in the facility during the time period of March 1, 2023 to December 22, 2023).

[9] As with any deposition, the Rule 30(b)(6) deposition provided additional detail and filled certain gaps, but Sherrod was armed with sufficient information to proceed with a motion to compel months before the deposition occurred. Indeed, she did so relative to Marrero Healthcare.

responsive documents from that entity,[10] Sherrod's April 2026 motion to compel quotes similar testimony from an earlier deposition.[11] Thus, the parties and the Court have long been aware of the foundation for Sherrod's most recent motion.

The substantive attacks on the sufficiency of Nexion's responses are also stale. For example, Sherrod complains that these responses are "rife with boilerplate objections" and lack an accompanying privilege log.[12] This alleged deficiency, however, has been apparent since December 2025. Moreover, Sherrod litigated this same argument (using similar wording) in connection with her prior motion to compel against Marrero Health.

In summary, Sherrod belatedly seeks to obtain the same general types of communications between Marrero Healthcare and Nexion Health Management that she sought in her prior discovery dispute, which resulted in an agreed upon list of search terms. If Sherrod was dissatisfied with the outcome of that search-term agreement with Marrero Healthcare, she could have filed an appropriate motion or otherwise sought judicial intervention.[13] And nothing precluded Sherrod from simultaneously or separately challenging the sufficiency of both co-defendants' discovery responses in a timely manner. Yet Sherrod chose not to take any action as to Nexion until eight months after receiving Nexion's allegedly deficient responses.

---

[10] R. Doc. 78-2 at 7.
[11] R. Doc. 39-11 at 24-25.
[12] R. Doc. 78-2 at 5.
[13] It is not unusual for search terms to evolve as discovery progresses.

For the foregoing reasons, Sherrod's motion to compel is untimely, and Sherrod's explanation for her delay in filing is unpersuasive, at best. Thus, the Court need not reach the merits.[14] Pursuant to Rule 37(a), the party that prevails on a motion to compel is entitled to its reasonable expenses, including attorney's fees.

Accordingly,

**IT IS ORDERED** that the motion (R. Doc. 78) is **DENIED**.

**IT IS FURTHER ORDERED** that, if the parties cannot agree on an attorney's fee amount, Nexion may file a motion within 14 days seeking the reasonable expenses, including attorney's fees, incurred in connection with the motion to expedite (R. Doc. 81) and the motion to compel (R. Doc. 78). The motion should address both Nexion's entitlement to fees and the amount sought and include supporting documentation.

**IT IS FURTHER ORDERED** that, to the extent Sherrod contests Nexion's entitlement to such expenses under Rule 37(a), she may raise that argument, as well as any challenge to the amount sought, in opposition to Nexion's fee motion.

New Orleans, Louisiana, this 31st day of August, 2026.

EVA J. DOSSIER
UNITED STATES MAGISTRATE JUDGE

[14] Of note, however, Nexion represents that Marrero Healthcare's prior productions render most of the requests "redundant." R. Doc. 84 at 6.