**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **KATHY SHERROD, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-01248** |
| **NEXION HEALTH AT MARRERO, INC., ET AL.** | **SECTION: "L" (3)** |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF EMERGENCY MOTION TO EXPEDITE CONSIDERATION OF MOTION FOR REVIEW (R. DOC. 115) AND TO STAY CONSIDERATION OF NEXION HEALTH MANAGEMENT, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT (R. DOC. 113)**

MAY IT PLEASE THE COURT:

Plaintiff Kathy Sherrod ("Plaintiff"), surviving spouse of the decedent Sheldon Sherrod, through undersigned counsel, respectfully submits this memorandum in support of her Emergency Combined Motion to Expedite Consideration of her Motion for Review (R. Doc. 115) and to Stay Consideration of Defendant Nexion Health Management, Inc.'s ("NHM") Motion for Partial Summary Judgment (R. Doc. 113).

## I. BACKGROUND

NHM filed a deficient Motion for Summary Judgment on September 9, 2026, re-filed on September 10, 2026 (R. Doc. 113), that the Court set for submission on September 30, 2026 (R. Doc. 116), thereby establishing an opposition deadline of Wednesday, September 22, 2026 under Local Rule 7.5. On September 10, 2026, Plaintiff timely filed a Rule 72 Motion for Review (R. Doc. 113) seeking reversal of the Magistrate Judge's discovery order denying crucial evidence sought from this very defendant, NHM. The Court also set Plaintiff's Motion for Review for submission on September 30, 2026. (R. Doc. 117.) Plaintiff now seeks emergency relief to expedite

that review and stay the summary judgment proceedings until the District Judge resolves the underlying discovery issue.

## II. LAW AND ARGUMENT

### A. Good Cause Exists to Expedite the Motion for Review

A district court possesses inherent power to control its docket to ensure the "just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. Under Local Rules 7.2 and 7.4, the Court may alter standard submission timelines for good cause.

Good cause is squarely met here. The identical submission dates for the two subject motions would delay a ruling on the discovery dispute until long after Plaintiff's September 22 opposition deadline has passed. Expediting the review is the only mechanism available to prevent severe procedural prejudice to Plaintiff by forcing her to oppose NHM's dispositive motion that is based on the argument that Plaintiff lacks evidence to support the fraud claim asserted against it, when NHM is withholding relevant and discoverable evidence that Plaintiff intends to use as support for her opposition.

### B. A Stay of Summary Judgment is Mandatory Under Rule 56(d)

Federal Rule of Civil Procedure 56(d) provides that if a nonmovant shows by affidavit or declaration that it cannot present facts essential to justify its opposition, the court may defer considering the motion or allow time to take discovery. The Fifth Circuit has made clear that Rule 56(d) motions for additional discovery are broadly favored and should be liberally granted. *Am. Family Life Assurance Co. of Columbus v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013).

As demonstrated in the attached **Exhibit 1** (Rule 56(d) Declaration of undersigned counsel), which is adopted herein in full by reference, the discovery blocked by the Magistrate Judge's order contains evidence directly targeting the core factual issues raised in NHM's

summary judgment motion. If the District Judge sustains Plaintiff's objections and allows this discovery against NHM, Plaintiff will obtain the material facts required to establish a genuine issue for trial with respect to her claim against NHM. Holding the Motion for Partial Summary Judgment in abeyance is judicially efficient; otherwise, the Court and parties will spend valuable resources evaluating a premature summary judgment record that may change completely upon a proper ruling on the discovery dispute.

## III. CONCLUSION

For the foregoing reasons, Plaintiff requests that this Court grant its Emergency Motion, expedite the Motion for Review (R. Doc. 115), and stay all briefing and consideration of Nexion Health Management, Inc.'s Motion for Partial Summary Judgment (R. Doc. 113).

Respectfully submitted,

**GARCIA & COMAN**

*/s/ Jordan M. Jeansonne*
STEPHEN M. GARCIA (Pro Hac Vice)
MATTHEW M. COMAN #23613
JORDAN M. JEANSONNE #33203
CLAIRE E. KREIDER #37029
GARCIA & COMAN
400 Poydras Tower
400 Poydras Street, Suite 2045
New Orleans, Louisiana 70130
Telephone: (504) 354-9750
edocs@lawgarcia.com

***Counsel for Plaintiff***

## CERTIFICATE OF SERVICE

I certify that on September 11, 2026, I presented the foregoing pleading to the Clerk of Court for filing and uploading to the CM/ECF system which will send notification of such filing to counsel of record for all parties.

*/s/ Jordan M. Jeansonne*
JORDAN M. JEANSONNE