**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **KATHY SHERROD, SURVIVOR OF SHELDON SHERROD** | * | **CIVIL ACTION NO. 25-1248** |
| | * | **JUDGE ELDON E. FALLON** |
| **VERSUS** | | |
| | * | **MAGISTRATE JUDGE EVA J. DOSSIER** |
| **NEXION HEALTH AT MARRERO, INC. D/B/A MARRERO HEALTHCARE CENTER AND NEXION HEALTH MANAGEMENT, INC.** | * | |
| | * | |

* * * * * * *

**ORDER & REASONS**

Before the Court is a Motion to Review the Magistrate Judge's Order on Defendants' Motion to Strike the Deposition Testimony of Michelle Johnson filed by Plaintiff Kathy Sherrod ("Sherrod"). R. Doc. 122. Defendants oppose the Motion. R. Doc. 143.

The factual background of this case has been summarized in prior court orders. *See* R. Docs. 15, 89. Relevant here, on July 28, 2026, Sherrod unilaterally noticed Defendants of her intention to depose Johnson, a nurse and former employee of Defendant Marrero Healthcare Center. R. Doc. 72-2 at 1. On July 29, 2026, the parties conferred via telephone conference and discussed dates for the forthcoming depositions, including Johnson's. R. Doc. 71-10 at 1. Defense counsel did not expressly agree to an August 11 deposition at this time. *Id.* at 4. In the coming days, the parties continued to discuss depositions dates and an extension of the August 11 discovery deadline. *See* R. Doc. 72-7 at 1, 72-8 at 1. On August 11, 2026, Sherrod's counsel and Johnson appeared for the deposition via videoconferencing. Defense counsel did not appear, and Sherrod's counsel proceeded with the deposition unilaterally. R. Doc. 97 at 5. The deposition was taken by lawyer Stephen Garcia, a California licensed attorney who has been admitted to this case on a *pro hac vice* basis as additional counsel for Plaintiff. Defendants allege Mr. Garcia's behavior towards Johnson during the deposition was disrespectful and coercive:

> Ma'am, if you're going to talk over me, we will go to the Judge. I have had enough. Every time you get caught, you talk over me.
> . . .
> If you speak over me, I have no choice but to ask the Judge to order you to my office . . .
> . . .
> Ma'am if you don't calm down a little bit and start answering my questions respectfully and directly, I'm going to have no choice but to go to the court and ask the judge to order you to my office.
> . . .
> Ma'am, I think you have gone to the wrong law school.
> . . .
> Excuse me, not only does state law not allow it, your own policies and procedures don't allow it, so I would urge you to perhaps study a little harder.
> . . .
> Ma'am, I can tell you, you didn't explain a damn thing.

R. Doc. 101-1 at 18, 73 76, 81.

Thereafter, on August 24, 2026, Defendants motioned to strike the deposition of Johnson on the grounds that (1) Defendants did not have proper notice of Johnson's deposition, and (2) Mr. Garcia was disrespectful and threatening in the course of Johnson's deposition. R. Doc. 90.

Magistrate Judge Dossier granted Defendants' Motion and ordered the parties to retake Johnson's deposition. R. Docs. 106, 145. Judge Dossier additionally awarded Defendants reasonable fees and expenses incurred in connection with their Motion to Strike. R. Doc. 145 at 16. Judge Dossier rested her decision on two principal findings. First, given the ongoing communications about rescheduling Johnson's deposition, Defendants reasonably concluded the August 11 deposition would not go forward. *Id.* at 8. Sherrod's counsel acted unprofessionally by failing to confirm the deposition would proceed on August 11 and by failing to contact defense counsel when they did not appear on that date. *Id.* at 8–9. Second, Mr. Garcia's conduct during the deposition was hostile, coercive, unprofessional and undertaken in bad faith, *id.* at 13–15, and retaking the deposition was an appropriate way to rectify the situation. *Id.* at 16.

Sherrod now requests that this Court review and set aside Judge Dossier's Order granting

the Motion to Strike pursuant to Federal Rule of Civil Procedure 72(a) and Local Rule 72.2. R. Doc. 122. First, Sherrod represents that she provided the reasonable notice of 14 days for the deposition of Johnson and properly subpoenaed her to testify under oath. *Id.* at 6–9. Second, Plaintiff contends that Mr. Garcia's demeanor, although admittedly heated due to the nature of the deposition, did not rise to the level of witness abuse that would justify striking the non-party's sworn testimony. *Id.* at 10–11. Third, Sherrod argues that only Johnson herself has standing to bring a Fed. R. Civ. P. 45 challenge to a technical violation of Sherrod's subpoena, but considering she has since voluntarily appeared and testified on the record, she has waived her right to do so. *Id.* Finally, Sherrod maintains that an award of attorney's fees is "punitive and grossly disproportionate" to the conduct alleged. *Id.* at 13.

A magistrate judge may issue orders regarding nondispositive pretrial matters. Fed. R. Civ. P. 72(a). Under Fed. R. Civ. P. 72(a), a magistrate judge's ruling on a non-dispositive matter is subject to reversal only where the decision is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). A ruling is "clearly erroneous" only when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. Bessemer City, N.C.,* 470 U.S. 564, 565 (1985). A magistrate judge's discovery order "should be afforded substantial deference and be overturned only if found to be an abuse of discretion." *Palmer v. Readers Digest Assoc.,* No. 84 Civ. 8397, 1995 WL 686737, *1 (S.D.N.Y. Nov. 20, 1995). As such, the party seeking reversal "bears a heavy burden." *Seacor Marine, L.L.C. v. Cummins Mid-S., Inc.*, No. 09-383, 2010 WL 2292152, at *2 (E.D. La. June 3, 2010).

Having reviewed the record, the Court finds no clear error in Judge Dossier's decision. Fed. R. Civ. P. 30(d)(2) vests Judge Dossier the authority to fashion an "appropriate sanction—

including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent." "[T]he full scope of sanctions available under Rule 30(d)(2) is not expressly described in the text of the rule." *Howell v. Avante Servs., LLC*, No. CIV.A. 12-293, 2013 WL 824715, at *5 (E.D. La. Mar. 6, 2013).

Judge Dossier's finding that Sherrod failed to provide adequate notice of the August 11 deposition is supported by the record: although Sherrod issued a notice, the subsequent communications between the parties left the date unsettled. Sherrod could have easily contacted defense counsel when they failed to appear but elected not to do so, and proceeded unilaterally. Mr. Garcia's unprofessional and improper behavior toward Johnson is amply supported by the deposition transcript. Judge Dossier's decision to have the parties retake the deposition represented an appropriate response to the problems presented. And, given the misconduct exhibited by Sherrod's counsel during the deposition, the decision to award attorney's fees was not made in clear error.

Accordingly;

**IT IS ORDERED** that Plaintiff's Motion for Review of the Magistrate's Order, R. Doc. 122, is hereby **DENIED.** The parties are ordered to retake Michelle Johnson's deposition in accordance with Magistrate Judge Dossier's Order (R. Doc. 106).

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Expedite Consideration, R. Doc. 126, is hereby **DENIED** as *moot.*

New Orleans, Louisiana this 24th day of September, 2026.

Eldon E. Fallon

THE HONORABLE ELDON E. FALLON