**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **KATHY SHERROD, SURVIVOR OF SHELDON SHERROD** | * | **CIVIL ACTION NO. 25-1248** |
| **VERSUS** | * | **JUDGE ELDON E. FALLON** |
| | * | **MAGISTRATE JUDGE EVA J. DOSSIER** |
| **NEXION HEALTH AT MARRERO, INC. D/B/A MARRERO HEALTHCARE CENTER AND NEXION HEALTH MANAGEMENT, INC.** | * | |
| | * | |

* * * * * * *

**ORDER & REASONS**

Before the Court is a Motion to Strike Witness and Exhibit Lists filed by Plaintiff Kathy Sherrod. R. Doc. 107. Therein, Plaintiff urges the Court to strike Defendants' witness and exhibit list as it was filed seventeen days after the Court's deadline. *Id.* Defendants Nexion Health Management, Inc. and Nexion Health at Marrero, Inc. d/b/a Marrero Healthcare Center ("Defendants") oppose the Motion. R. Doc. 140. In opposition, Defendants take responsibility for the missed deadline, but maintain that the delay was largely inconsequential. To this end, Defendants highlight the substantial overlap between the parties' witnesses and exhibits, the considerable gap of time between Defendants' late filing and the trial date, and the absence of an intentional delay on the Defendants' part, coupled with the fact that Defendants have no pattern of habitual late filings. *Id.* at 3–6.

Under Fed. R. Civ. P. 26(a), litigants must produce to the other parties and promptly file with the court information pertaining to the identity of each witness they intend to or may call and identify all exhibits they intend to introduce. "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

The Court agrees with Defendants that the late filing was harmless under the circumstances. Defendants' lists, while seventeen days overdue, were filed more than two-and-a-half months before trial. Every witness, except one, listed on Defendants' witness list was also included on Plaintiff's witness list, and the single witness exclusive to Defendants' list had previously produced an expert report and been deposed by Plaintiff. Plaintiff, in her Motion, demonstrated no prejudice that would result from the late filing. And the mistake, although clearly the result of defense counsel's error, was an isolated occurrence and not part of a broader pattern of late filings. Accordingly;

**IT IS ORDERED** that Plaintiff's Motion to Strike Witness and Exhibit Lists, R. Doc. 107, is hereby **DENIED.**

New Orleans, Louisiana this 29th day of September, 2026.

Eldon E. Fallon

THE HONORABLE ELDON E. FALLON