**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **KATHY SHERROD, SURVIVOR OF SHELDON SHERROD** | * | **CIVIL ACTION NO. 25-1248** |
| | * | **JUDGE ELDON E. FALLON** |
| **VERSUS** | * | **MAGISTRATE JUDGE EVA J. DOSSIER** |
| **NEXION HEALTH AT MARRERO, INC. D/B/A MARRERO HEALTHCARE CENTER AND NEXION HEALTH MANAGEMENT, INC.** | * | |
| | * | |

* * * * * * *

**ORDER & REASONS**

Before the Court is a Motion to Review Magistrate Judge's Order filed by Plaintiff Kathy Sherrod ("Sherrod"). R. Doc. 115. Defendants Nexion Health at Marrero, inc., d/b/a Marrero Healthcare Center ("Marrero") and Nexion Health Management Inc. ("Nexion") (collectively, "Defendants") oppose the motion. R. Doc. 131.

The factual background of this case has been summarized in prior court orders. *See* R. Docs. 15, 89. Relevant here, on July 17, 2026, Sherrod served a request for production on Nexion attached to a Rule 30(b)(6) notice of deposition. Nexion responded to the request on July 31, 2026. On August 17, 2026, Sherrod filed a motion to compel challenging the sufficiency of Nexion's response to her request for production. R. Doc. 78. Sherrod maintained that the documents sought were relevant and Nexon's response was rife with improper, boilerplate objections. R. Doc. 78-2 at 5–6.

Sherrod's motion to compel was set for submission on September 1, 2026. *Id.* Sherrod moved to expedite consideration of her motion in light of the August 31, 2026, discovery deadline. R. Doc. 81. On August 31, 2026, the magistrate judge issued an order and reasons denying Sherrod's motion to compel. R. Doc. 98. In her order, the magistrate judge concluded that Sherrod's motion was facially untimely because it was set for submission after the discovery

deadline.[1] The magistrate judge further awarded Nexion reasonable expenses, including attorney's fees, incurred in connection with the motion to expedite and the motion to compel. *Id.* at 6.

Sherrod moves for review of the magistrate judge's decision. R. Doc. 115. Sherrod represents that her motion to compel was not facially untimely because it was filed and resolved by the August 31, 2026, discovery deadline. *Id.* at 1. On the merits, Sherrod maintains that the requested materials were relevant and therefore discoverable under Fed. R. Civ. P. 26(b)(1), and that Nexion's boilerplate objections to these requests were impermissible under Fed. R. Civ. P. 34. *Id.* at 13–14. Finally, Sherrod posits that the magistrate judge's decision to award attorney's fees was unwarranted because Sherrod's motion to compel was not untimely or baseless. *Id.* at 15. Nexion opposes the motion on the grounds that Sherrod's motion to compel was untimely and an award of attorney's fees was therefore appropriate. R. Doc. 131 at 4–6, 9.

The Court held oral argument on the instant motion. At the conclusion of oral argument, the Court ordered Sherrod to state in writing the documents she still sought and had yet to receive. Sherrod complied with the Court's order and sent a letter later that day to Nexion and the Court requesting Nexion produce the following documentation:

1. The budget created by Nexion Health Management, Inc. for Marrero Healthcare Center encapsulating the time period of March 1, 2023 through December 22, 2023; and

2. Nexion Health Management, Inc.'s internal survey file for any LDH surveys conducted on Marrero Healthcare Center between March 1, 2023 and December 22, 2023.

Nexion responded by stating it would produce the documentation requested in Sherrod's letter.

[1] The magistrate judge clarified in a later order that Sherrod's request to expedite her motion to compel was denied. R. Doc. 120.

Because Sherrod and Nexion have reached an agreement on the requested documentation, the issues with respect to the documentation sought in Sherrod's motion to compel are moot.

On the issue of expenses and fees, the magistrate judge's awarded Nexion expenses and attorney's fees having determined that Sherrod's motion to compel was untimely. The Court reviews the magistrate judge's decision under a clearly erroneous" standard of review, Fed. R. Civ. P. 72(a), overturning it only if the court "is left with the definite and firm conviction that a mistake has been committed." *Anderson v. Bessemer City, N.C.*, 470 U.S. 564, 565 (1985).

Fed. R. Civ. P. 37(a)(5)(B) provides that, upon denying a motion to compel, a court must "require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." The court should not, however, award expenses and fees "if the motion was substantially justified or other circumstances make an award of expenses unjust." *Id.*

Fed. R. Civ. P. 16(b) directs courts to issue scheduling orders limiting the time for completing discovery. Applying Rule 16(b), courts routinely hold that "all disputes relative to discovery . . . must be filed and resolved prior to the discovery deadline." *Parkcrest Builders, LLC v. Hous. Auth. of New Orleans*, No. CV 15-1533, 2017 WL 4156499, at *2 (E.D. La. Sept. 19, 2017).

In the Court's view, Sherrod's motion to compel was not untimely. While the motion to compel was dated for submission one day after the close of discovery, Sherrod appropriately moved for expedited submission and consideration. R. Doc. 81. Sherrod's motion was filed, briefed, and resolved prior to the close of discovery. Because the motion was resolved within the discovery period, a fee award on the basis of Sherrod's supposed delay would be unjust.

Accordingly;

**IT IS ORDERED** that the Plaintiff's Motion, R. Doc. 115, is **GRANTED IN PART** and the magistrate judge's order, R. Doc. 98, is hereby **VACATED IN PART** as to the award of expenses, including attorney's fees.

**IT IS FURTHER ORDERED** that the Motion to Review Magistrate Judge's Order, R. Doc. 115, is **DENIED** *as moot* in all other respects.

New Orleans, Louisiana this 29th day of September, 2026.

THE HONORABLE ELDON E. FALLON