**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **KATHY SHERROD, SURVIVOR OF SHELDON SHERROD** | * | **CIVIL ACTION NO. 25-1248** |
| **VERSUS** | * | **JUDGE ELDON E. FALLON** |
| **NEXION HEALTH AT MARRERO, INC. D/B/A MARRERO HEALTHCARE CENTER AND NEXION HEALTH MANAGEMENT, INC.** | * | **MAGISTRATE JUDGE EVA J. DOSSIER** |
| | * | |
| | * | |

* * * * * * *

**ORDER & REASONS**

Before the Court is a Motion for Partial Summary Judgment filed by Nexion Health Management, Inc. ("Nexion Management"). R. Doc. 113. Plaintiff Kathy Sherrod opposes the Motion. R. Doc. 137. Nexion Management replied. R. Doc. 158. After considering the record, briefing, and applicable law, the Court rules as follows:

## I. BACKGROUND

Plaintiff proceeds on a single claim of fraud pursuant to La. Civ. Code art. 1953 based on what she alleges were false representations made by Defendant Nexion Management and Defendant Nexion Health at Marrero (collectively, "Defendants") during the admission of her husband to Marrero Healthcare Center. Marrero Healthcare Center is a nursing home owned and operated by Nexion Health at Marrero and managed by Nexion Management. R. Doc. 1-1 at 1–2.

On August 22, 2023, Plaintiff visited Marrero Healthcare Center to inquire about Mr. Sherrod becoming a resident at the facility. R. Doc. 133-4 at 22–26, 33. Plaintiff spoke with two facility representatives, including Nexion Health at Marrero employee Brandy Bush. R. Doc. 133-4 at 24–25. Plaintiff avers that Ms. Bush told her that the facility was "very well staffed." R. Doc. 133 at 15. Plaintiff maintains this representation was false at the time it was made.

Plaintiff registered Mr. Sherrod as a resident by signing a Nursing Facility Admission and Financial Agreement and a Statement of Resident Rights form on Mr. Sherrod's behalf. R. Doc. 133-3 at 1–22. These forms listed only the name of Nexion Health at Marrero and were signed by Ms. Bush, acting as a representative of Nexion Health at Marrero. *See* R. Docs. 113-3, 133-5 at 13. Mr. Sherrod was transported from a local hospital to Marreo Healthcare Center later that day, and resided at the facility for a period of four months. R. Doc. 133-4 at 23–24.

Plaintiff alleges that Defendants violated art. 1953 by knowingly misrepresenting their compliance with and intentionally concealing their violation of state and federal laws governing minimum staffing requirements at nursing homes. R. Doc. 133 at 2. Plaintiff alleges that Marreo Healthcare Center was understaffed at the time of Mr. Sherrod's admission into the facility, and had she known the truth, she would never have signed the admission agreement and registered Mr. Sherrod as a resident there. *Id.* at 2. Plaintiff seeks damages resulting from Defendants' fraud, as well as attorney's fees. R. Doc. 1-1 at 11.

## II. PRESENT MOTION

Nexion Management moves for summary judgment of the art. 1953 fraud claim against it. R. Doc. 113. Nexion Management argues that privity of contract is required to sustain an art. 1953 claim, and because it is not a party to the admission agreement with Plaintiff, the claim against it should be dismissed. R. Doc. 133-1 at 1.

Plaintiff's response is two-fold. First, Plaintiff maintains that privity of contract is not required for a party to be held liable for fraud under art. 1953. R. Doc. 137 at 2. Second, assuming privity is a requirement, Plaintiff maintains that record evidence creates a genuine dispute as to whether a principal-agent relationship existed between Defendants binding Nexion Management to the admission agreement. *Id.* at 14.

## III. LEGAL STANDARD

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court must view the evidence in the light most favorable to the nonmovant. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997). Initially, the movant bears the burden of presenting the basis for the motion; that is, the absence of a genuine issue as to any material fact or facts. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant to come forward with specific material facts showing there is a genuine dispute for trial. Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 586–87 (1986). A fact is "material" if its resolution in favor of one party may affect the outcome of the case. *Saketkoo v. Adm'rs of Tulane Educ. Fund*, 31 F.4th 990, 997 (5th Cir. 2022). "A dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Bodenheimer v. PPG Indus., Inc*., 5 F.3d 955, 956 (5th Cir. 1993).

## IV. DISCUSSION

Nexion Management maintains that it cannot be held liable under art. 1953 because it is not a party to Mr. Sherrod's admission agreement. The Court agrees with Defendant's initial premise that privity is required to recover under art. 1953. This conclusion is grounded in La. Civ. Code Art. 1958, the statutory mechanism for recovering damages for art. 1953 claims:

> The party against whom rescission is granted because of fraud is liable for damages and attorney fees.

This article, by its text, authorizes damages only against parties in contract: the "party against whom rescission is granted." The defrauded party may recover against a third party who has committed fraud, but their action lies in tort through art. 2315, not contract. *See* art. 1958

cmt. c ("If fraud is committed by third person, that person is also liable for damages. C.C. Art. 2315."). Thus, absent a contractual relationship between Nexion Management and Plaintiff, recovery against Nexion Management for art. 1953 fraud is impermissible.

This privity requirement may be satisfied, however, through a mandatary relationship between Nexion Management and Nexion Health at Marrero. Under Louisiana law, "[a] mandate is a contract by which a person, the principal, confers authority on another person, the mandatary, to transact one or more affairs for the principal." La. C iv. Code art. 2989. "Under this provision a principal, whether disclosed or undisclosed, is bound to perform the contracts that the mandatary, acting within the limits of his authority, made with third persons. A third person who contracts with the mandatary has a cause of action directly against the principal, whether disclosed or undisclosed." La. Civ. Code art. 3020, cmt. b.; *see also Resolution Tr. Corp. v. Gasper-Virgillio*, 27 F.3d 178, 180 (5th Cir. 1994) ("The Louisiana Supreme Court held in *Woodlawn Park Ltd. v. Doster Constr. Co*., 623 So.2d 645, 648 (La. 1993), that if the agent enters into a contract for the benefit of an undisclosed principal, the principal may be held liable under the contract."). The defining characteristic of a mandatary relationship "is the special relationship of confidence or trust imposed by one in another who undertakes to act primarily for the benefit of the principal in a particular endeavor." *Scheffler v. Adams & Reese, LLP*, 2006-1774, p. 7 (La. 2/22/07), 950 So.2d 641, 648.

The record creates a genuine dispute as to whether Nexion Health at Marrero was Nexion Management's agent.[1] Evidence indicates that Nexion Management was involved in the admissions process, directing how Nexion Health at Marrero conducted it. Nexion Management's corporate representative testified that Nexion Management wrote the Nursing Facility Admission

---

[1] There is no dispute that Nexion Health at Marrero is a party to Mr. Sherrod's admission agreement.

and Financial Agreement Plaintiff signed. R. Doc. 133-9 at 51. Ms. Bush, who processed Mr. Sherrod's admission, testified that Nexion Management trained her on how to conduct the admissions process and directed her on what to say, and that she complied with Nexion Management's instructions. R. Doc. 133-5 at 22–24. Ms. Bush further testified that after admission forms were complete, Nexion Health at Marrero would provide a copy to Nexion Management. *Id.* at 24. This evidence is sufficient to create a genuine dispute as to whether Nexion Health at Marrero was an agent acting primarily for the benefit of Nexion Management, binding Nexion Management to Mr. Sherrod's admission agreement.

## I. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Defendant's Motion for Partial Summary Judgment, R. Doc. 113, is hereby **DENIED.**

New Orleans, Louisiana, this 9th day of October, 2026.

THE HONORABLE ELDON E. FALLON